United States District Court
Southern District of Texas
**ENTERED**
January 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIBEL SAYEGH DE KEWAYFATI, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. 24-00180 |
| MERRICK GARLAND, et al, | § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

Maribel Sayegh de Kewayfati alleged inaction and an unlawful delay in the adjudication of her asylum application. (Docket Entry No. 1). When her application was denied, Ms. Sayegh de Kewayfati amended her complaint to allege that the government failed to properly adjudicate her application. (Docket Entry No. 7). Ms. Sayegh de Kewayfati seeks relief under the Administrative Procedure Act, asking the court to vacate the government's decision to deny her application and to order the government to grant her asylum application. The government moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the basis that USCIS's decision to deny Ms. Sayegh de Kewayfati's asylum application is not a reviewable final agency action for the purpose of the APA. (Docket Entry No. 8).

Ms. Sayegh de Kewayfati filed her asylum application on June 18, 2024. Because she was not in removal proceedings, her application was an "affirmative" application. (Docket Entry No. 7 at 2). While her application was pending, she applied for and was granted Temporary Protected Status due to her Venezuelan nationality. (*Id*. at 2-3). Ms. Sayegh de Kewayfati was issued a notice of intent to deny her asylum application, to which she provided a substantive response. (*Id*.

at 3). The application was then denied, and the denial stated that because of her Temporary Protected Status, the asylum application would *not* be referred to an immigration judge for adjudication in removal proceedings. (*Id*.). The denial letter also stated that the decision to deny her affirmative application was not appealable. (*Id*.).

Ms. Sayegh de Kewayfati asserts that because she is not removable due to her Temporary Protected Status, she has therefore received a final decision on her asylum application, making judicial review by this court the only relief available to her. (*Id*. at 9). The government asserts that there is a lack of final agency action because if, and when, the Temporary Protected Status designation for Venezuelan nationals is terminated, Ms. Sayegh de Kewayfati will have another opportunity to seek asylum during the "defensive" immigration process: the removal process. (Docket Entry No. 8 at 8).

The government cites to *Dhakal v. Sessions*, 895 F.3d 532, 538 (7th Cir. 2018), which held that the denial of an asylum application without referral to the immigration court is not a final agency action for the purposes of the APA. In *Dhakal*, the court found that the denial of Dhakal's affirmative application for asylum was not a final agency action because Dhakal had Temporary Protected Status, and the decision to deny his affirmative application "*merely delays* his ability to *pursue* those ancillary benefits of asylum; it does not definitively deny them." *Id*. at 540 (emphasis in original). The decision to deny the affirmative application functioned "more like a tentative recommendation than a final and binding determination, or the ruling of a subordinate official when viewed in light of the intended, complete administrative process" that would follow once removal proceedings were initiated. *Id.* (internal quotations and citations omitted). The Seventh Circuit affirmed the dismissal of Dhakal's complaint but modified the lower court's judgment to reflect that it was a dismissal on the merits, not a dismissal for lack of jurisdiction. *Id*. at 541.

2

Ms. Sayegh de Kewayfati asserts that *Dhakal* is nonbinding precedent. She also asserts that the Supreme Court has "recently defined the boundaries of Temporary Protected Status as being in lawful status versus merely a temporary status quo pause as [*Dhakal*] mentions," making the case outdated. (Docket Entry No. 11 at 11; citing *Sanchez v. Mayorkas*, 593 U.S. 409 (2021)). But the fact that Temporary Protected Status functions as lawful status does not overcome the fact that, when Venezuela is eventually removed from the list of countries whose nationals are granted Temporary Protected Status—an outcome that is implicit from the name of the status designation itself —Ms. Sayegh de Kewayfati will have another opportunity to argue for asylum before the Board of Immigration Appeals, and if needed, to the Fifth Circuit. That is the proper pathway for the relief she seeks.

Following *Dhakal*, the court finds that Ms. Sayegh de Kewayfati's claims should be dismissed on the merits under Rule 12(b)(6), rather than Rule 12(b)(1). *Dhakal*, 895 F.3d at 538 ("Although the APA is not an independent grant of jurisdiction, where federal jurisdiction is not precluded by another statute, general federal question jurisdiction exists under 28 U.S.C. § 1331.") (internal citations omitted). The government's motion to dismiss is granted under Rule 12(b)(6). (Docket Entry No. 8). The case is dismissed with prejudice.

SIGNED on January 30, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge